IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 14-1119-SLR/SRF |
| ) | |
| SIGMAPHARM LABORATORIES LLC, ) et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 11th day of April, 2016, having reviewed Judge Fallon's February 9, 2016 Report and Recommendation, the objections thereto filed by defendants and plaintiffs' response to the objections (D.I. 140, 153, and 166);

IT IS ORDERED that the Report and Recommendation is adopted and the objections overruled, for the reasons that follow:

1. **Standard of review.** The court reviews objections to a magistrate judge's non-dispositive pretrial ruling under a "clearly erroneous and contrary to law" standard of review, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Under a "clearly erroneous" standard, the appellate court will only set aside factual findings when it is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)). A magistrate judge's decision is contrary to law "when the magistrate judge has

misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D. N.J. 2006). Since great discretion is generally afforded a magistrate judge's decision in the resolution of non-dispositive discovery disputes, the court should only overrule a magistrate judge's determination if there is an abuse of discretion. *Norguard Ins. Co. v. Serveon Inc.*, 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011). Moreover, a reviewing court may not consider evidence and materials not before the magistrate judge. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp.2d 373, 375 (D. Del. 2010).

2. In the case at bar, plaintiffs requested discovery related to defendants' trade secret manufacturing methods and processes under the terms of the protective order entered in this case. (D.I. 89) Defendants sought a protective order on two grounds: (1) plaintiffs' retained experts were consultants for competitors of defendants; and (2) the requested information is not relevant to any issue in the case and, even if it were relevant, the risk of harm to defendants outweighs any potential benefit of disclosure.

3. **Analysis.** Judge Fallon correctly concluded that defendants bear the burden under the terms of the protective order of showing why disclosure should be precluded. (D.I. 89, ¶ 19) Judge Fallon also correctly concluded that there was no record evidence that the proposed experts had an ongoing present relationship with competitors, or that there was any basis otherwise to assume that the proposed experts would disclose the trade secret information in violation of the protective order.[1]

---

[1] If defendants have discrete concerns in this regard, I will schedule an in-person hearing with the proposed experts in attendance in order to give defendants the opportunity to demonstrate (through examination of the experts) that the protective order is insufficient to protect the confidential information, with the understanding that

2

4. With respect to relevance, I find persuasive my understanding that defendants assert that their pharmaceutical product does not infringe because it is amorphous, as opposed to being in orthorhombic crystalline form, as required by claim 1 of U.S. Patent No. 7,741,358. An issue that not atypically arises in such polymorph cases is whether the amorphous form of the accused generic converts to the crystalline form and how robust the process for preparing the generic product is in this regard. (*See, e.g.*, D.I. 1 ¶ 27 ("including its process for preparing its generic product"); D.I. 153, ex. A at 42)

                                                                                  */s/*
                                           United States District Judge

---

defendants will bear the costs of such a proceeding if I find their concerns frivolous.